**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Matthew J. Conroy, Partner / MJC@schlawpc.com

September 22, 2021

*via* **ECF**
Chief Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    **Allstate v. Offenbacher, et al.**
               **EDNY Case No.: 21-cv-1013**

Dear Magistrate Judge Pollack:

      We represent defendants Siddharth Prakash and his professional entities, Accurate Medical Diagnostic Services, P.C., Access Medical Diagnostic Solutions, P.C. and his lay company, Stat Imaging Services, LLC ("Prakash Defendants") in this matter.

      We write in response to Your Honor's Order dated September 2, 2021, which required the parties to meet and confer and each party respond to any claims of deficiencies in the discovery responses.

**Discovery History**

      On May 18, 2021, in response to the Plaintiff's informal request, we produced a large number of documents prior to formal demands being made. This was done to explore the possibility of an early settlement. However, the matter did not settle and Allstate subsequently served a large number of Requests for Production to all four entities and Dr. Prakash individually, as well as Interrogatories to all four entities and Dr. Prakash, individually. These demands sought information over an eight (8) year span, from 2013 to 2021.

      On August 16, 2021, we served a response to Allstate's request for admissions. On August 25, 2021, Access served responses to Allstate's 59 Requests; Accurate served responses to Allstate's 59 Requests; Prakash served responses to Allstate's 52 Requests; Stat served responses to Allstate's 47 Requests. (Exhibit A). On August 31, 2021, the Prakash Defendants served a supplemental response with additional documents. (Exhibit B). All told, nearly 48,000 pages of documents were produced, including the entire payroll, bank records, tax returns for the entities, as well as ledgers, invoices, and agreements.

Case 1:21-cv-01013-FB-CLP   Document 87   Filed 09/22/21   Page 2 of 6 PageID #: 1243

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Allstate v. Offenbacher
September 22, 2021
Page 2

Regarding the Interrogatories, on September 1, 2021, Access and Accurate each responded to sixteen (16) Interrogatories; Prakash responded to eighteen (18) Interrogatories; and Stat responded to fifteen (15) Interrogatories. (Exhibit C).

Clearly, the Prakash Defendants have engaged in substantial discovery.

## The Disputed Discovery

On September 10, 2021, Allstate sent a deficiency letter regarding the Prakash Defendants' responses. (Exhibit D).

On September 20, 2021, the parties participated in a "meet and confer" conference to discuss the allegedly deficient responses. On September 21, 2021, we responded to Allstate's deficiency letter wherein (Exhibit E). we agreed to search further; produce additional documents or supplemental Interrogatory responses if further documents or information was found. We also agreed to produce Prakash's personal income tax returns subject to a confidentiality agreement.

However, there are a few areas where we continued to have a disagreement.

## Interrogatory Disputes:

For example, Interrogatory no. 7 directed to Dr. Prakash seeks:

7. Please describe in detail any communication (including, but not limited to, letters. e-mails, text messages, telephone calls, etc.,) between you and the following individuals and entities during any part of the relevant period. A complete answer will include the means by which you communicated with these individuals and entities:

   a. Steve Losik, M.D.
   b. Horizon Radiology, P.C. (including any manager, member, employee, contractor, or agent thereof)
   c. Accurate Medical Diagnostic Services, P.C. (including any manager, member, employee, contractor, or agent thereof)
   d. Access Medical Diagnostic solutions, P.c. (including any manager, member, employee, contractor, or agent thereof)
   e. Alexander Bank
   f. Jason Pandolfini
   g. Tesla Imaging Leasing Corp. (including any manager, member, employee, contractor, or agent thereof)
   h. Tesla Imaging Corp. (including any manager, member, employee, contractor, or agent thereof)
   i. BB & B Management Corp. (including any manager, member, employee, contractor, or agent thereof)

SCHWARTZ, CONROY & HACK, PC
Making Insurance Companies Keep Their Promises

Allstate v. Offenbacher
September 22, 2021
Page 3

    j. Alba Management, Inc. (including any manager, member, employee, contractor, or agent thereof)
    k. Alba Imaging Leasing Corp. (including any manager, member, employee, contractor, or agent thereof)
    l. Stat Imaging Management, LLC (including any manager, member, employee, contractor, or agent thereof)
    m. RDL Billing Service, Inc. (including any manager, member, employee, contractor, or agent thereof)
    n. ADP Payroll Services, Inc. (including any manager, member, employee, contractor, or agent thereof)
    o. Rezolut Imaging Management of NY, LLC (including any manager, member, employee, contractor, or agent thereof)
    p. Sunny River Management, LLC (including any manager, member, employee, contractor, or agent thereof)
    q. Robert Solomon, M.D.
    r. Julie Bendel
    s. Anthony Capper
    t. Jennifer Skidmore
    u. u, Joseph Sestito
    v. Kristin Perdichizzi
    w. Ron Pandolfini
    x. Victoria Rivera
    y. Jeffrey Greenberg, CPA
    z. Bruno Savo
    aa. Michael Savo
    bb. BMN, LLC (including any manager, member, employee, contractor, or agent thereof)

    The Prakash Defendants produced all contracts that exist between such individuals. However, we also objected, stating**: "**Defendant objects to this Interrogatory to the extent that they seek the disclosure of attorney-client privileged communications, attorney or party work product, trial preparation material or any other material or information encompassed within any applicable privilege provided by law or otherwise protected from disclosure. Defendant objects to this Interrogatory to the extent that they seek the production of documents or information that contains confidential information, material protected by HIPAA, and will not produce such documents or provide such information in the absence of appropriate protective measures agreed to by the parties and approved by the Court. Defendant objects to this Interrogatory as it is overly broad, vexatious and seek information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence."

    Several of those individuals listed in Interrogatory No. 7 were employees of either Access, Accurate or Stat. Responding to this Interrogatory would require the Prakash Defendants to

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Allstate v. Offenbacher
September 22, 2021
Page 4

identify eight (8) years of non-relevant communications concerning non-Allstate patients whose identity and medical information is protected by HIPAA. Similarly, communications between Prakash and the entity defendants Accurate, Stat, or Access over an eight (8) year period again potentially consists of thousands of pages of irrelevant and HIPAA protected communications. This would be cost prohibitive to search and produce and there appears to be no reason for the request, other than to harass the Defendants. Jeffrey Greenberg is also an attorney and provided legal services to the Prakash Defendants. Accordingly, those communications are protected by attorney-client privilege.

In our response to Allstate's letter, we requested that the demands be narrowed to certain search terms or criteria. "A further search will be done for communications but with regards to the Corporation defendants Access and Accurate, and the employees, the demand seems overly broad to ask for every single communication ever made with them for an eight-year period and will no doubt involve HIPAA issues, personal issues such as illnesses, etc. I would request communications be narrowed some to specific searches requested as it seems overly broad and unduly burdensome and something of a fishing expedition."

Similar objections were made to an almost identical Interrogatory 13 directed to Access and Accurate, and Interrogatory 11 to Stat.

**<u>Document Disputes:</u>**

We received no deficiency letter as to any document response except as to Dr. Prakash. The following disputes remain as to the document responses by Dr. Prakash,

Request No. 23 sought:

> All communications (including, but not limited to, e-mails and text messages) between you and any individual or entity that provided accounting or bookkeeping services to Accurate Medical Diagnostic Services and/or Access Medical Diagnostic Solutions during any part of the relevant period.

We objected to the production of confidential communications between the accountant and the Defendants. We also asked that the Request be narrowed in scope and time.

Furthermore, Request No. 34 sought:

> Documents provided by you (or on your behalf) in response to verification requests received from insurance companies other than Allstate regarding no-fault claims submitted by or on behalf of you during the relevant period.

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Allstate v. Offenbacher
September 22, 2021
Page 5

We objected:

> Objection. The defendant objects as this request is overly broad and unduly burdensome and not proportional to the needs of the case or calculated to lead to admissible evidence. Further, this Request seeks information that is not relevant to the Plaintiff's claims in this action and involves confidential patient information for non-Allstate patients.

Allstate claims that "These documents are necessary relative to representations made to other carriers regarding the corporate structure of these businesses.". See deficiency letter at Exhibit

We responded:

> Defendants must continue to object to this as a fishing expedition that is unduly burdensome, overly broad and not calculated to lead to discoverable information. Further, HIPAA issues are at play. The information about corporate structure is available from other sources including the State and to say every single verification to any insurance company regarding no-fault matters is necessary since 2013 cannot be credibly maintained. Nor is it even practically feasible to make such a production. The Demand is way too broad and not specific.

The Prakash Defendants strenuously object to the production of verification requests made by insurance carriers other than Allstate.

Request No. 37, sought "Any and all documents concerning your utilization of the revenues of Accurate Medical Diagnostic Services and Access Medical Diagnostic Solutions during the relevant period." The Prakash Defendants produced all invoices, bank records, payroll records, and general ledgers of the corporate defendants."

Allstate stated in it deficiency letter: "A more specific response than referring to the bank statements, ledgers, and invoices is required in response to the request for all documents concerning Prakash's utilization of the revenues of the PCs; particularly when maintaining a privilege argument relative to personal tax returns."

We responded stating: "The question is vague and very broad. A further search will be done and documents produced but the timeframe and unlimited scope seem overly broad, unduly burdensome, and something of a fishing expedition. We have produced all the invoices, banking information, payroll, and invoices which would show how the revenue was utilized. I am not sure what else there could be or what you are looking for beyond that."

Request No. 46 sought: "All documents concerning any financial accounts created or maintained by you or on your behalf during the relevant period, including, but not limited to, all bank, trust, savings, checking, money-market, or credit card accounts." We objected stating that

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

Allstate v. Offenbacher
September 22, 2021
Page 6

the Request was overly broad and unduly burdensome as to Prakash's personal accounts but we did produce the bank records of the accounts related to the corporate entities.

Allstate responded that "the response does not provide documents for each financial account created or maintained by Prakash during the relevant period." We have produced documents relating to each financial account for the corporate entities. We continue to object to the production of Dr. Prakash's personal credit card accounts, bank accounts, trusts, savings, etc. from 2013 to the present as overly broad and unduly burdensome and not relevant.

We believe that our objections to the aforementioned Interrogatories and Requests for Production are valid and ask the Court for a protective order preventing Allstate from seeking those respective response or documents. We will appear at the hearing on September 29, 2021 to further address these issues with the Court.

                                              Very truly yours,

                                              SCHWARTZ, CONROY & HACK, PC

By:   */s/ Matthew J. Conroy*
          Matthew J. Conroy

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844